LINDSEY HANSEN (SBN: 299875)
THE LAW OFFICES OF LINDSEY M. HANSEN
PO BOX 22432
SAN DIEGO, CA 92192
PHONE:(619) 415-5884
EMAIL: LMHlegal@gmail.com

Attorney for Plaintiffs
Sherry Schadeck and Kathleen Greco

FILED
FEB -8 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

IN RE: STEVEN C. LEE

Debtor

| | |
|---|---|
| SHERRY SCHADECK, an individual, KATHLEEN GRECO, an individual, Plaintiff, v. STEVEN C. LEE, an individual; Defendants. | Case No. : 6:20-bk-17328-SC<br><br>CHAPTER 7 PROCEEDING<br><br>ADV Proceeding Number: _____<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT** |

For their complaint against Defendant/Debtor Steven C. Lee, Plaintiffs/Creditors Sherry Schadeck and Kathleen Greco allege as follows:

-1-
COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

## PARTIES

1. Creditors Sherry Schadeck and Kathleen Greco are individuals residing in the State of California, San Diego County.

2. Debtor, Steven C. Lee, is a resident of Riverside County.

## JURISDICTION

3. Creditor brings this action pursuant to 11 USC §523(a)(2)(A), for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; and §523(a)(19)(B)(iii) any court or administrative order for any damages, fine, penalty, citation, restitution payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor. Creditor seeks judgment, inter alia, determining Lee's debt to Creditor to be non-dischargeable under 11 USC §523(a)(2)(A) and 11 USC § 523(a)(19)(B)(iii).

4. This Court has jurisdiction over this adversary proceeding pursuant to (i) 28 USC, 1334, as a civil proceeding arising under the United States Bankruptcy Code ("Bankruptcy Code") or arising in a case commenced under the Bankruptcy Code; and (ii) 28 USC §157 as a civil proceeding which constitutes a core proceeding.

5. Venue lies in the Central District of California, pursuant to 28 USC §§ 1334 and as this is a proceeding arising under the Bankruptcy Code or arising in a case commenced by the Debtor under Chapter 7 of the Bankruptcy Code in the Central District of California.

## FACTUAL BACKGROUND

On June 1, 2016, defendant LEE signed a written contract to remodel PLAINTIFFS' property at 6110 Mohler Street, San Diego, Ca 92120. After receiving over $124,000 from Plaintiffs [$9,000 weekly], LEE emailed PLAINTIFFS on September 10, 2017, stating he will not finish the job. LEE blamed his non-performance on a contractor he hired. None of which PLAINTIFFS were responsible for and completely irrelevant to the remodeling contract. Even if LEE's allegations are true, none relieve him of his obligation to perform under the contract. LEE's sole purpose was to steal PLAINTIFFS' money and run, attempting to hide behind and shift the blame to his contractor. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiffs acted, plaintiffs were unaware of defendant's intention not to perform the promise. Plaintiffs acted in justifiable reliance upon the promise. Plaintiffs fully performed their obligation and acted in good faith.

To this day, defendant has neither finished the job, nor provided any type of accounting re the $124,000, nor returned unearned fees.

Plaintiffs were therefore forced to file an action in State Court and endure two years of expensive litigation and numerous frivolous motions filed by LEE. LEE refused to cooperate in the case and comply with any discovery for which he was sanctioned by Judge Strauss. PLAINTIFFS were forced to file numerous lengthy and expensive motions to compel as a result of LEE's disregard for the court.

Plaintiff moves for a ruling that the superior court case listed on debtor's petition [**San Diego Superior Court Case # 37-2019-00010792-CU-BC-CTL**] be declared non dischargeable debt along with the sanctions imposed by the state court on 08/14/2020 in the amount of **$6,000**. This matter has been in Superior Court for over two years [ Filed 2/26/2019, San Diego Superior Court, Department 75 , Judge Richard Strauss]. The debtor is using this bankruptcy filing as a tactic to evade the civil case wrongly. Creditors are two elderly ladies [each over sixty five years of age ] and have priority in court according to elder abuse laws. Creditors have already waited over two years, and to require them to start over in pursuing payment would be prejudicial and cause unfair harm economically and otherwise.

Attached hereto is the order from the Civil Case in this matter, wherein Defendant was sanctioned and ordered to pay $6,000 for non-compliance with a Motion to Compel Discovery.

### FIRST CLAIM FOR RELIEF

Determination that debt is Non-Dischargeable pursuant to 11 USC § 523(a)(4); 11 USC § 523(a) (6)/Breach of Contract) for willful and malicious injury by the debtor to another entity or to the property of another entity. . ." 11 U.S.C. § 523(a)(6).

### SECOND CLAIM FOR RELIEF

Determination that debt is Non-Dischargeable pursuant to 11 USC §523(a)(2)(A), that the debt was obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

### PRAYER

WHEREFORE, Creditor prays for judgment against Defendant as follows:

**With Respect to the First Claim for Relief:**

1) On the First Claim for Relief, granting all money damages to Creditor for breach of contract under California law as authorized by law.

2) Determination that the debt is non-dischargeable pursuant to 11 USC §523 (a)(2)(4) and 11 USC §523(a)(2)(6).

**With Respect to the Second Claim for Relief:**

Debtor Lee has engaged in a fraud and deceit pattern that mandates that his debt to plaintiff be deemed non-dischargeable.

Defendant Lee is not eligible for discharge as a debtor in his bankruptcy action pursuant to 11 U.S.C. §§ 523. Lee is also indebted to plaintiff creditor below, and the debt is not dischargeable in bankruptcy by virtue of the provisions of 11 USC §§ 523(a)(2) and (6).

WHEREFORE, plaintiff prays for the entry of judgment against defendant.

/s/ Lindsey Hansen
———————————————————
Lindsey Hansen, Esq. Attorney for Plaintiffs

EXHIBIT "A"

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### CENTRAL

## MINUTE ORDER

DATE: 08/14/2020                TIME: 09:00:00 AM        DEPT: C-75
JUDICIAL OFFICER PRESIDING: Richard E. L. Strauss
CLERK: Richard Cersosimo
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: P. Darvin

CASE NO: **37-2019-00010792-CU-BC-CTL**  CASE INIT.DATE: 02/26/2019
CASE TITLE: **Schadeck vs Lee [IMAGED]**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Breach of Contract/Warranty

**EVENT TYPE:** Discovery Hearing
MOVING PARTY: Kathleen Greco, Sherry Schadeck
CAUSAL DOCUMENT/DATE FILED: Motion - Other to compel for order compelling responses without objections to form interrogatories, set No 1, 06/26/2020

**EVENT TYPE:** Discovery Hearing
MOVING PARTY: Kathleen Greco, Sherry Schadeck
CAUSAL DOCUMENT/DATE FILED: Motion - Other to compel defendant Steven C Lee attendance to deposition, 06/26/2020

**APPEARANCES**
Hansen Lindsey, counsel, present for Cross - Defendant,Plaintiff(s) telephonically.

There is no argument on (1) Plaintiffs Sherry Schadeck and Kathleen Greco's Motion to Compel for Order Compelling Responses, and (2) Plaintiffs and Cross-Defendants Sherry Schadeck and Kathleen Greco's Motion to Compel Defendant Steven C. Lee's Attendance to Deposition.

The Court CONFIRMS the tentative ruling as follows:

Plaintiffs Sherry Schadeck and Kathleen Greco's unopposed Motion to Compel for Order Compelling Responses, without Objections to Form Interrogatories Set No. 1 is granted. Defendant Steven Lee shall provide responses to the Form Interrogatories without objection and with verification on or before September 4, 2020. Plaintiffs are awarded sanctions in the amount of $3,000 against Defendant Steven Lee and payable on or before September 4, 2020.

Plaintiffs and Cross-defendants Sherry Schadeck and Kathleen Greco's unopposed Motion To Compel Defendant Steven C. Lee's Attendance to Deposition is granted. Defendant Lee is ordered to appear at his deposition on a date convenient to Plaintiffs. Plaintiffs are awarded sanctions in the amount of $3,000 against Defendant Steven Lee and payable on or before September 4, 2020.

Plaintiffs shall provide notice to Defendant within three days of the finalization of this ruling.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>SHERRY SCHADECK, an individual,<br>KATHLEEN GRECO, an individual, | DEFENDANTS<br>STEVEN C. LEE, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lindsey M. HANSEN (SBN: 299875),<br>P.O. BOX 22432, SAN DIEGO, CA 92192, (619) 415-5884<br>EMAIL: LMHlegal@gmail.com | **ATTORNEYS** (If Known)<br>Ethan Chin ( SBN 280250)<br>2400 E. Katella Ave. STE 800<br>Anaheim , CA 92806 PHONE 714-551-5595 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

FILE BY FAX

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination that debt is Non-Dischargeable pursuant to 11 USC § 523(a)(4); 11 USC § 523(a) (6)/Breach of Contract) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6), pursuant to 11 USC §523(a)(2)(A), that the debt was obtained by false pretenses, a false representation,

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
■ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
■ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ■ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ■ Check if a jury trial is demanded in complaint | Demand $ Unlimited Jurisdiction – Amount in Controversy Exceeds $25,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Steven C. Lee | BANKRUPTCY CASE NO.<br>6:20-bk-17328-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>SHERRY SCHADECK AND KATHLEEN GRECO | DEFENDANT<br>STEVEN C. LEE | ADVERSARY PROCEEDING NO.<br>37-2019-00010792-bc-ctl-cu |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>SUPERIOR COURT OF CALIFORNIA, SAN DIEGO | DIVISION OFFICE<br>CENTRAL | NAME OF JUDGE<br>Richard E. L. Strauss |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>Feb. 8, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LINDSEY M. HANSEN | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.